UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.    CV-13-9080-MWF (JEMx)       Date: February 25, 2014
Title:     Nevanka Hahn -v- Wells Fargo Bank, N.A., et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

     Deputy Clerk:                    Court Reporter:
     Rita Sanchez                     Not Reported

     Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
     None Present                     None Present

**Proceedings (In Chambers):** ORDER REMANDING ACTION

      On November 4, 2013, Plaintiff Nevanka Hahn initiated this action by filing a Complaint in Ventura County Superior Court. (Docket No. 1, Ex. A). On December 9, 2013, Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Wachovia Mortgage FSB, and Cal-Western Reconveyance, LLC (the "Removal"). (Docket No. 1).

      This Court is cognizant of the case of *Rouse v. Wachovia Mortgage, FSB*, Case No. 12-55278 ("*Rouse*"), pending before the Ninth Circuit, in which Wells Fargo's citizenship is in issue. The Court stayed the present action for 30 days on January 22, 2014, in anticipation of a possible decision in *Rouse*. (Docket No. 15). Not knowing when the Ninth Circuit will rule in *Rouse*, the Court now determines subject matter jurisdiction so that litigation may proceed.

      This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction over a removed action. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) (explaining that a district court has the power to remand a case *sua sponte* when it lacks subject matter jurisdiction).

      Defendants assert federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. (*See* Removal at 2). It appears that the amount in controversy requirement is satisfied. (*See* Removal at 21-22). Plaintiff and Wells Fargo, however, are not diverse.

UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-13-9080-MWF (JEMx)         **Date:**  February 25, 2014
**Title:**  Nevanka Hahn -v- Wells Fargo Bank, N.A., et al.

    Wells Fargo is a national banking association, and its main office (according to its articles of association) is located in South Dakota. (*See* Removal at 3). Consequently, Wells Fargo argues that, for purposes of diversity under 28 U.S.C. § 1332, it is a citizen of South Dakota, and only South Dakota. (*See id.*).

    "However, [28 U.S.C. § 1348] does not define where national banks are 'located' for purposes of jurisdiction, nor is such a definition obvious." *Martinez v. Wells Fargo Bank*, 946 F. Supp. 2d 1010, 1013 (N.D. Cal. 2013). The United States Supreme Court has "rejected an interpretation of § 1348 that national banks are citizens of every state in which they have a branch and instead determined 'that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of incorporation, is located.'" *Id.* (quoting *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006)). But the Supreme Court "did not reach the question of whether a national bank may *also* be a citizen of the state in which its principal place of business is located, specifically leaving that question unresolved." *Id.* at 1013-14 (citing *Schmidt*, 546 U.S. at 317 n.9) (emphasis in original).

    In sum, "*Schmidt* left open the door to either of two interpretations, that a national bank is a citizen of: (1) only its state of association (the state in which its main office is listed in its articles of association); or (2) both its state of association and the state in which its principal place of business is located." *Id.* at 1014 (citation omitted); *see also Am. Surety Co. v. Bank of Cal.*, 133 F.2d 160, 162 (9th Cir. 1943) ("[T]he States in which they (national banking associations) are respectively located are those states in which their principal places of business are maintained." (internal quotation marks omitted)).

    The district courts in the Ninth Circuit are divided on this issue. In *Martinez*, for example, the district court "conclude[d] *American Surety* remains binding precedent and join[ed] the ranks of an increasing number of courts within the Ninth Circuit so holding." *Martinez*, 946 F. Supp. 2d at 1017 (citing cases). As a result, the district court found that Wells Fargo was a citizen of California where its principal place of

UNITED STATES DISTRICT COURT　　　　JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-13-9080-MWF (JEMx)　　　　**Date:** February 25, 2014
**Title:**　Nevanka Hahn -v- Wells Fargo Bank, N.A., et al.

business is located, and remanded the case for lack of diversity jurisdiction. *Id.* at 1024.

　　　　This Court joins the ranks of courts cited in *Martinez* and finds that Wells Fargo is a citizen of both California and South Dakota. Because Plaintiff is also a citizen of California (*see* Removal at 2), the real parties in interest in this action are not diverse, and this Court lacks subject matter jurisdiction.

　　　　Accordingly, the Court **REMANDS** this action to the Superior Court of the State of California for the County of Ventura.

　　　　This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

　　　　IT IS SO ORDERED.